UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

        Plaintiff,

        v.                                         CAUSE NO.: 3:19-CV-584-JD-MGG

WARDEN,

        Defendant.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint (ECF 1) against the Warden of the Indiana State Prison alleging that his legal mail has been delayed and that the delay resulted in one of his cases being dismissed. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cleveland claims that an unidentified piece of legal mail was received in the Indiana State Prison mail room on July 1, 2019, but that it was not delivered to him until July 17, 2019. Without providing details, Cleveland alleges that his legal mail is

frequently delayed. Moreover, when he receives his legal mail, it has been opened. Furthermore, he alleges that, due to mail delays, one of his cases was dismissed.

As an initial matter, Cleveland has sued the Warden of Indiana State Prison, but he has not alleged that the Warden took any action to prevent him from receiving his legal mail in a timely manner. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Cleveland has not alleged that the Warden was responsible for either delaying or opening his legal mail. Thus, the complaint does not state a claim against the Warden.

Even if Cleveland had named an individual personally involved in delaying or opening his mail, his allegations do not state a claim. An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). An inmate's legal mail is entitled to greater protections because of the potential interference with his right of access to the courts and his right to counsel. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). But here, Cleveland has not alleged that the opening of his legal mail inferred with his right to access the courts. Cleveland has not alleged that his right to counsel was infringed in

any way. And the one-time opening of his legal mail is insufficient to state a claim for being denied access to the courts, where the opening of the mail was not detrimental to any meritorious legal claim. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter).

Cleveland suggests that mail delays infringed upon his right to access the courts because it resulted in the dismissal of one of his cases, but his allegations are insufficient to state a claim. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts to adjudicate claims that have a reasonable basis in law or fact without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions hindered the inmate's efforts to pursue a non-frivolous legal claim, and that actual harm resulted. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)(emphasis in original). Thus, to state a claim, Cleveland must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to

3

a potentially meritorious legal claim. *Id.* Here, the court cannot identify any non-frivolous civil claim that has been adversely impacted as a result of Cleveland being denied more timely access to his legal mail. Cleveland has not identified the case that was dismissed. Because his right to access the courts extends only to meritorious claims, without additional details, the court cannot make a finding that the claims raised in the dismissed case were sufficiently meritorious to permit him to proceed with this lawsuit.[1]

After a review of the current complaint, it seems unlikely that Cleveland can state a claim based on denial of access to the courts, but he will be given the opportunity to file an amended complaint if he believes he can state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Keith Cleveland;

(2) GRANTS Keith Cleveland until **October 18, 2019**, to file an amended complaint on that form; and

(3) CAUTIONS Keith Cleveland that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

---

[1] Although it is unclear, Cleveland may be referencing a case that was dismissed in this court on July 8, 2019, after Cleveland failed to resolve his filing fee status by the deadline set by the court. *Cleveland v. DOC*, 3:19-CV-407-JD-MGG (N.D. Ind. filed May 24, 2019). That case, however, was dismissed without prejudice, and its dismissal would not provide a basis for finding that he has been prejudiced.

SO ORDERED on September 23, 2019

                                                        /s/ JON E. DEGUILIO
                                              JUDGE
                                              UNITED STATES DISTRICT COURT